# W. A. WODHAM v. FARGO & MOORHEAD STREET RAILWAY COMPANY.[1]

February 24, 1911.

Nos. 16,762—(76).

**Negligence — questions of fact.**

Whether defendant was negligent in not avoiding a collision with plaintiff's wagon while crossing its street car tracks, and whether plaintiff was guilty of contributory negligence, were questions of fact, and were properly submitted to the jury by the trial court.

**Evidence — offer to contradict witness.**

There was no abuse of discretion in rejecting the offer to prove in rebuttal that certain conversations had taken place with one of defendant's witnesses.

[1]Reported in 130 N. W. 23.

[Note] Injuries by street car collisions with vehicles or horses, see note in 25 L.R.A. 508.

Action in the district court for Clay county to recover $1,990 for personal injuries. The facts are stated in the opinion. The case was tried before Taylor, J., and a jury which returned a verdict in favor of defendant. From an order denying plaintiff's motion for a new trial, he appealed. Affirmed.

*N. I. Johnson* and *J. N. Witherow,* for appellant.
*Stanbaugh & Fowler,* for respondent.

LEWIS, J.

While driving his milk wagon across defendant's street car tracks at Fourth Avenue North, in the city of Fargo, plaintiff's wagon was struck by a street car which was running north on Broadway. He brought this action in the Clay county district court, charging negligence on the ground of excessive speed, negligence in manipulating the car, and defective appliances. The jury returned a verdict for defendant, and plaintiff submits that it was conclusively established by the evidence that the car could have been controlled and the collision prevented by the exercise of due care, but that the motorman paid no attention to the plaintiff, and did not make reasonable effort to avoid striking the wagon, even after discovering that another team had intercepted his passage.

The motorman testified that when he first observed plaintiff he was driving north on Broadway about a block and a half distant; that the car was about one hundred fifty feet from him when plaintiff turned onto the tracks at Fourth avenue; that he (the motorman) then reduced the speed to "five points," and when he saw that the plaintiff had stopped on the tracks he put on the brakes and "reversed the car;" that the car was about sixty-six feet distant at that time. The car passed, and stopped at a point where the rear end stood from twenty to thirty feet distant from the point of contact. The motorman said that the car ought to have been stopped within twenty or thirty feet from the time that the power was reversed and the brakes applied, and intimated that the appliances did not work properly. There was no other evidence, save this, that the appliances were out of order. There was great diversity of opinion as to the rate of speed at the time of contact. It does not conclusively appear from the evidence that the motorman was not in the exer-

cise of reasonable care in not bringing the car to a stop before striking the wagon.

While accidents do sometimes happen at crossings to delay passage, the law does not require any extreme or unusual test. It is certainly not a common thing for a team to stop on a crossing, and it is not negligence per se for a motorman to assume that one who drives upon the tracks will keep on going, and not stop at a point of danger. The plaintiff would no doubt have passed safely over, if another team had not driven in front of him. The street car company was not responsible for that occurrence. That was one of the possible accidents which the plaintiff was required to anticipate and guard against, and, if such interference was the proximate cause of the accident, there is no liability on the part of the company, unless the motorman failed to exercise due care after discovering the interruption. We are satisfied that it was a question for the jury.

The charge to the jury consisted of a clear, concise statement of the legal propositions governing the case, and the assignments are not well taken.

Conceding that the offer of evidence in rebuttal to contradict certain statements of one of defendant's witnesses was relevant to the issue, the same subject had already been practically covered, and there was no abuse of discretion in rejecting the offer.

Affirmed.